IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 2:05-CR-248 |
| | : | |
| vs. | : | JUDGE SARGUS |
| | : | |
| KEVIN E. DENNIS, et. al., | : | |

# PLEA AGREEMENT

Plaintiff United States of America and Defendants KEVIN E. DENNIS and COMMUNITY HOME HEALTH SERVICES INC. PLUS (the "Parties") hereby enter into the following Plea Agreement ("Agreement") pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure:

1. Defendant KEVIN E. DENNIS, as an individual, will enter pleas of guilty to a previously filed Indictment as follows: **Count 2**, which charges him with Health Care Fraud, in violation of 18 U.S.C. § 1347 and § 2; **Count 4**, which charges him with Money Laundering, in violation of 18 U.S.C. § 1957; **Count 7**, which charges him with Cocaine Base Manufacturing, in violation of 21 U.S.C. § 841(a)(1); and **Count 9**, which charges him with Possession of a Firearm in Furtherance of a Drug Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Defendant DENNIS warrants and affirms that he is the representative and lawful agent of the Defendant COMMUNITY HOME HEALTH SERVICES INC. PLUS and that he can enter into this Agreement on the company's behalf. All rights, waivers and terms specified in this Agreement accepted by Defendant DENNIS apply equally to Defendant COMMUNITY HOME HEALTH SERVICES INC. PLUS, although this Agreement specifies that Defendant DENNIS shall plead guilty as an individual.

2. Defendant KEVIN E. DENNIS understands the maximum penalties which may be

imposed pursuant to his pleas of guilty to the Indictment as follows: **Count 2**, a term of imprisonment of ten (10) years, a fine of $250,000 and three (3) years of supervised release; **Count 4**, a term of imprisonment of ten (10) years, a fine of $250,000 or an alternative fine of not more than twice the amount of the criminally derived property involved in the transactions and three (3) years of supervised release; **Count 7**, a term of imprisonment consisting of a minimum term of five (5) years and a maximum of forty (40) years, a fine of $2,000,000 and at least four (4) years of supervised release; and **Count 9**, in addition to the punishment provided in **Count 7**, a term of imprisonment of not less than five (5) years which shall run consecutive to **Count 7**, a fine of $250,000 and three (3) years of supervised release.

3. Defendant KEVIN E. DENNIS will pay a special assessment of $400.00, as required in 18 U.S.C. §3013. This payment shall be made to the United States District Court Clerk, 85 Marconi Boulevard, Columbus, Ohio 43215. This assessment shall be paid by defendant before sentence is imposed and defendant will furnish a receipt or other evidence of payment at the time of sentencing.

4. Defendant KEVIN E. DENNIS further understands that he has the following rights, among others:

    a. To be represented by an attorney at every stage of the proceeding, and that, if necessary, one will be appointed to represent him;

    b. To plead not guilty and to be tried by a jury;

    c. To be assisted by counsel during such trial;

    d. To confront and cross-examine adverse witnesses;

    e. To use compulsory process to summon witnesses for the defense;

      f.    Not to be compelled to testify; and

      g.    To be presumed innocent throughout trial until and unless found guilty by a jury.

5. Defendant KEVIN E. DENNIS understands that if his pleas of guilty to the charges set forth in the Indictment is accepted by the Court there will not be a further trial of any kind, so that by pleading guilty he waives, or gives up, his right to a trial.

6. Defendant KEVIN E. DENNIS understands that the Court intends to question him on the record about the offense to which he pleads guilty, which questioning may be under oath and which could provide a basis for a later prosecution of defendant for perjury or false statements if he does not tell the truth.

7. The Parties agree that if defendant's guilty pleas as specified in this Agreement are entered and not withdrawn and this defendant acts in accordance with all other terms of this Agreement, the United States Attorney for the Southern District of Ohio agrees not to charge him with any other offense arising from the circumstances of this case as set forth in the Indictment.

8. Defendant KEVIN E. DENNIS agrees to testify truthfully and completely concerning all matters pertaining to the Indictment filed herein and to any and all matters involving health care fraud, narcotics and weapons violations in which he may have been involved or as to which he may have knowledge. Defendant KEVIN E. DENNIS further agrees to provide a complete statement to authorities of the United States and/or the State of Ohio concerning such matters prior to the entry of his guilty plea pursuant to this Agreement. Defendant KEVIN E. DENNIS agrees to submit to supplemental debriefings on such matters whenever requested by authorities of the United States and/or the State of Ohio, whether before or after his plea is entered.

Pursuant to §1B1.8 of the United States Sentencing Guidelines, the government agrees that any self-incriminating information so provided will not be used against defendant in determining the applicable guideline range for sentencing, or as a basis for upward departure from the guideline range.

9. The Parties agree that pursuant to U.S.S.G. §§1B1.3 and 2B1.1(b)(1)(H), the specific offense characteristic attributable to Defendant KEVIN E. DENNIS for the offense alleged in **Count 2** of the Indictment to which he is pleading guilty, is more than $400,000 but less than $1,000,000, which increases the base offense level by 14 levels. Specifically, the amount obtained by false statements relating to a health care services totals $564,630.

10. The Parties agree that pursuant to U.S.S.G. §§ 2S1.1, the specific offense characteristic attributable to Defendant KEVIN E. DENNIS for the offense alleged in **Count 4** of the Indictment, Money Laundering, to which he is pleading guilty, is the offense level for **Count 2**, Health Care Fraud, which is the underlying offense from which the laundered funds were derived.

11. Defendant KEVIN E. DENNIS shall make restitution, based on his ability to pay, totaling $564,630, to persons identified as victims of the offense which specifically excludes criminal conspirators and those involved in health care fraud.

12. The Parties agree that Defendant KEVIN E. DENNIS had an aggravating role in the instant offense pursuant to U.S.S.G. § 3B1.1(a) based upon facts known to the Parties at the time of this Agreement and that such enhancement applies to this case, resulting in a four (4) level enhancement.

13. The Parties agree that Defendant KEVIN E. DENNIS abused a position of trust or used a special skill pursuant to U.S.S.G. § 3B1.3 based upon facts known to the Parties at the time

4

of this Agreement and that such enhancement applies to this case, resulting in a two (2) level enhancement.

14. The Parties agree that pursuant to U.S.S.G. §§ 3D1.1 through 3D1.5, regarding grouping closely related counts, **Count 2** and **Count 4** constitute one grouping, Group 1, involving Health Care Fraud and **Count 7** constitutes a second group, Group 2, involving narcotics, with **Count 9**, a weapons violation, having a consecutive term of imprisonment by statute. Further, pursuant to U.S.S.G. § 3D1.4(b), based on the terms of this Agreement specified in Paragraphs 9 through 13, Group 1 is calculated as five (5) to eight (8) levels less serious than the Group with the highest offense level, Group 2, resulting in a one (1) level increase in the Offense Level computed for Group 2.

15. The United States Attorney for the Southern District of Ohio recommends that as of the time of the execution of this Agreement, Defendant KEVIN E. DENNIS has accepted responsibility for the offense to which he has agreed to plead guilty. If it appears that the defendant is likely to be at an offense level of 16 or greater and if he continues to accept responsibility through the time of sentencing, the United States will inform the Court pursuant to U.S.S.G. § 3E1.1(b) that the defendant has timely notified authorities of his intention to plead guilty.

16. Defendant KEVIN E. DENNIS is aware that, in light of *United States v. Booker*, 125 S.Ct. 738 (2005), the United States Sentencing Guidelines are advisory and are no longer mandatory. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set forth for the offense to which the defendant pleads guilty. The defendant is aware that the Court has not yet determined a sentence. The defendant is further aware that any estimate of a probable sentencing range under the guidelines that the defendant may have received,

5

or may receive in the future, from his counsel, the United States, or the probation office is a prediction, not a promise, and is not binding on the United States, the Probation Department or the Court. The United States makes no promise or representation concerning the sentence that the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

17. Defendant KEVIN E. DENNIS understands that this Agreement does not protect him from prosecution for perjury, should he testify untruthfully, or for making false statements, nor does it protect him from prosecution for other crimes or offenses as to which he does not make admissions or give truthful information and which the United States discovers by independent investigation. Further, should defendant fail to comply fully with the terms and conditions set forth herein or should he fail to appear as required for sentencing, this Agreement is voidable at the election of the United States, in which case the defendant shall be subject to prosecution as if the Agreement had never been made.

18. The United States Attorney for the Southern District of Ohio agrees that if Defendant KEVIN E. DENNIS provides substantial assistance in the investigation or prosecution of others who have committed criminal offenses, the United States Attorney for the Southern District of Ohio may move the Court pursuant to 18 U.S.C. §3553(e) and/or 5K1.1 of the Federal Sentencing Guidelines for an appropriate departure from the otherwise applicable guideline range of defendant's sentence, and will, in connection therewith, make known to the Court the nature and extent of defendant's assistance. Defendant understands that whether such a motion for departure should be made is within the sole discretion of the United States Attorney for the Southern District of Ohio. Defendant further understands that whether and to what extent such a motion should be granted are solely

matters for determination by the Court.

19. Defendant KEVIN E. DENNIS understands that he is not a prevailing party as defined in 18 U.S.C. §3006A (statutory note captioned "Attorney Fees and Litigation Expenses to Defense") and hereby expressly waives his rights to sue the United States.

20. The United States agrees that at the time of sentencing, in exchange for pleas of guilty to **Counts 2, 4, 8** and **9** of the Indictment, the United States will dismiss the remaining counts in the nine-count Indictment against Defendant DENNIS as an individual and all counts against Defendant COMMUNITY HOME HEALTH SERVICES INC. PLUS.

21. Unrelated to the disposition of criminal charges but made part of this Agreement, Defendant DENNIS agrees that he is the sole owner of weapons, property and cash seized during the investigation of this case and has the right to consent to the disposition of such weapons, property and cash. The weapons seized include: a Fratelli handgun, model T275 9mm, serial number H25439; a Browning handgun, model High Power Centennial 9mm, serial number 1878D-3393; a Ruger handgun, model MKII Target 22 LR, serial number 223-93174; a Smith and Wesson handgun, model 19 .357 Magnum, serial number BBB0400. The property seized includes: a 2005 Ford Model F350 truck, seized on February 23, 2005; a quantity of jewelry seized on February 23, 2005; $2,962 U.S. currency seized on February 23, 2005; a quantity of jewelry seized on April 11, 2005; and $5,100 U.S. currency seized on April 11, 2005.

Defendant gives up any ownership rights he may have in said weapons, property and cash and voluntarily surrenders for forfeiture and/or abandonment all of his rights, title and interest in said property as proceeds of criminal activity alleged in **Count 2**, Health Care Fraud, to the United States. Defendant waives any rights he may have to notice and to an opportunity to be heard and waives

7

any deadline for notice or institution of such action provided by law concerning the disposition of such weapons, property and cash. Defendant further voluntarily abandons such weapons, property and cash to the United States with the understanding that the Columbus Police Department shall retain possession and control of such weapons, property and cash to be destroyed, used or converted according to law. Defendant agrees that as provided by 28 U.S.C. §2465 the United States and any participating state and local agency and their agents and employees had reasonable cause for the seizure of the weapons, property and cash. Defendant for himself and his heirs, successors, and assigns, releases and forever holds harmless the United States and any participating state and local agency and their agents and employees, their heirs, successors, and assigns, from any and all actions, causes of action, proceedings, judgments, damages, claims, and demands whatsoever in law or equity which the defendant and his heirs, successors, and assigns now have or may have in connection with the seizure, detention, forfeiture and/or abandonment and final disposition of such weapons, property and cash.

22. Defendant KEVIN E. DENNIS further understands and accepts that in addition to any criminal sanctions, defendant may be subject to other civil and/or administrative consequences, including, but not limited to, a prohibition against owning or possessing firearms, mandatory exclusion from participation in federal and/or state health-care benefit programs, civil liability, and loss of any professional license(s).

23. The Parties understand that this Agreement and each of its terms are not binding on the Court and the final determination concerning the terms rests with the court.

2/5/06
DATED

KEVIN E. DENNIS
Defendant, as an Individual and for
Defendant COMMUNITY HOME
HEALTH SERVICES INC. PLUS

2/5/06
DATED

STEVEN S. NOLDER (0037795)
Acting Federal Public Defender

2/6/06
DATED

ALAN J. PFEUFFER (0071974)
Assistant Federal Public Defender
10 W. Broad St., Suite 1020
Columbus, Ohio 43215
(614) 469-2999
Attorneys for Defendants


GREGORY G. LOCKHART
United States Attorney

2/8/06
DATED

DOUGLAS W. SQUIRES (0073524)
Assistant United States Attorney
303 Marconi Blvd., Suite 200
Columbus, Ohio 43215
Attorney for the Government

9